MARK S. ALGORRI - SBN 88859
*mark@daalaw.com*
PATRICK S. NOLAN – SBN 268031
*patrick@daalaw.com*
**DeWITT ALGORRI & ALGORRI**
25 East Union Street
Pasadena, CA 91103-3923
Tel: (626) 568-4000; Fax: (626) 584-3980

BRUCE PALUMBO – SBN 54272
*bruce@brucepalumbo.com*
**LAW OFFICE OF BRUCE PALUMBO**
25 East Union Street
Pasadena, CA 91103
Tel: (626) 826-9800; Fax: (626) 584-3980

Attorneys for Defendants and Counter Claimants,
NORBERT SAAVEDRA, SINDY SAAVEDRA and SHEILA GUYNES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON PREFERRED INSURANCE COMPANY, a North Carolina corporation licensed to do business in California<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>NORBERT SAAVEDRA, an individual; SINDY GUMIENNY, an individual; and SHEILA GUYNES, an individual,<br><br>　　　　　　Defendants. | CASE NO.: 2:18-cv-06689-GW (RAOx)<br>Honorable George H. Wu, District Judge<br><br>**COUNTER CLAIMANTS' SECOND AMENDED [PROPOSED] JUDGMENT ON SPECIAL VERDICT** |
| NORBERT SAAVEDRA, an individual; SINDY SAAVEDRA, an individual; and SHEILA GUYNES, an individual,<br><br>　　　　　　Counter Claimants,<br><br>　vs.<br><br>INTEGON PREFERRED INSURANCE COMPANY, a North Carolina corporation; NATIONAL GENERAL INSURANCE COMPANY, a Missouri Corporation; and Roes 1 – 10,<br><br>　　　　　　Counter Defendants. | |

1       This action came on regularly for trial on January 7, 2020 in Courtroom 9D of
2 the United States District Court, the Honorable George H. Wu presiding. Plaintiff
3 Integon Preferred Insurance Company was represented by Robert A. Latham III.
4 Defendants Norbert Saavedra and Sindy Saavedra were represented by Mark S.
5 Algorri and Patrick Nolan. Defendant Sheila Guynes was represented by Bruce
6 Palumbo. The Saavedras and Ms. Guynes, represented by the same counsel, were
7 also Counter Claimants against Integon Preferred Insurance Company and National
8 General Insurance Company. Integon Preferred Insurance Company and National
9 General Insurance Company were also represented as Counter Defendants by Robert
10 A. Latham III.

11       The jury was impaneled and sworn. After hearing evidence and arguments of
12 counsel, and after the jury was instructed by the Court, the claims were submitted to
13 the jury with instructions to return a special verdict.

14       The jury deliberated and thereafter returned to the Court with its special verdict
15 consisting of questions submitted to the jury and the answers thereto by the jury,
16 which said verdict was in words and figures as follows:

17       "We, the Jury, find the following verdict on the questions presented to us:

18       1. Did the Saavedras make a reasonable demand for settlement?

19            _____X_____Yes            _____No

20 If your answer is Yes, please answer Question 2. If your answer is No, please
21 answer Question 3.

22

23       2. Did Integon unreasonably fail to accept the Saavedras' demand for
24 settlement?

25            _____X_____Yes            _____No

26 If your answer is Yes, the parties have stipulated that the amount of the
27 Saavedras' judgment against Ms. Guynes exceeded her policy limits. The Court will
28 determine the amount of that judgment.

1   Regardless of your answer to Question 2, please answer Question 3.

2   3. Did Integon breach the implied covenant of good faith and fair dealing to
3   Sheila Guynes by filing either declaratory judgment action?

    _____Yes          ___X___No

5   If your answer to Questions 2 or 3 is Yes, please answer Question 4. If your
6   answers to Questions 2 and 3 are No, please have the Presiding Juror sign and return
7   this verdict to the Clerk.

9   4. Was Integon's unreasonable failure to accept the Saavedras' demand for
10  settlement a substantial factor in causing emotional distress to Sheila Guynes?

    ___X___Yes             _____No

13  If your answer is Yes, please enter the dollar amount for Sheila Guynes'
14  emotional distress from Integon's failure to accept the Saavedras' demand.

    $___30,000_____.

17  5. Was Integon's filing of either declaratory judgment action a substantial
18  factor in causing emotional distress to Sheila Guynes?

    _____Yes          ___X___No

21  If your answer is Yes, please enter the dollar amount for Sheila Guynes
22  emotional distress from Integon's filing of either declaratory judgment action.

    $_____

25  6. If your answers to Questions 4 and 5 are Zero Dollars ($0.00), please have
26  the Presiding Juror sign and return this verdict to the Clerk.

If you have put any Dollar amount in answer to either Questions 4 or 5, please answer Question 7.

7. Did Sheila Guynes prove by clear and convincing evidence that Integon's filing of either declaratory judgment action was malicious, oppressive, or in reckless disregard of her rights?

_____Yes          \_\_\_\_X\_\_\_\_No

If your answer is Yes, please answer Question 8. If your answer is No, please have the Presiding Juror sign and return this verdict to the Clerk.

8. How much should Integon pay to punish it for filing either declaratory judgment action?

$_____.

Thank you. Now please have the Presiding Juror sign and date this Special Verdict, notify the Court Attendant that you are ready to present your verdict in the courtroom.

Signed: _____     Dated: _____1/14/2020_____
       Presiding Juror

WHEREFORE, and by virtue of the law, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Counter Claimant Norbert Saavedra shall recover against Counter Defendant Integon Preferred Insurance Company $1,738,727.20 [which includes $382,376.40 in interest through February 10, 2020]; Counter Claimant Sindy Saavedra shall recover against Counter Defendant Integon Preferred Insurance Company $1,308,809.18 [which includes $287,831.88 in interest through February 10, 2020]; and Counter Claimant Sheila Guynes shall recover

against Counter Defendant Integon Preferred Insurance Company $30,000.00. Counter Defendants shall also recover costs pursuant to the costs memorandum filed separately.

The recovery by all Counter Defendants shall also include post-judgment interest from this matter from the date of the entry of the judgment, calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

DATED: March 4, 2020

_____
Honorable George H. Wu,
United States District Judge